[No. 3543–3–III.   Division Three.   July 22, 1980.]

YAKIMA COUNTY CREDIT SERVICE, INC., *Respondent,* v. R. W. MONS, *Appellant.*

*Richard R. Johnson* and *Nashem, Prediletto, Schussler & Halpin,* for appellant.

*Lauren Dobbs* and *Dobbs, Moore & Kirkevold,* for respondent.

MUNSON, J.—Appellant Mons appeals the denial of reasonable attorneys' fees pursuant to RCW 4.84.270.

Yakima County Credit Service, Inc., sued Mons on a claim for a $20 dishonored check which had been assigned to the plaintiff by Payless Drug Store. Various proceedings eventually resulted in a judicial determination that Mons was liable to Yakima Credit for $40. *See* RCW 62A.3–515.[1] Mons had previously made an offer of settlement for $40; he therefore argued that he was a "prevailing party" entitled to an award of reasonable attorneys' fees pursuant to RCW 4.84.250, .270 and .280.[2] The trial court refused to award attorneys' fees. The court's decision was apparently

---

[1]RCW 62A.3–515:

"Whenever a check . . . has been dishonored by . . . nonpayment and has not been paid within fifteen days and after the holder . . . sends . . . notice of dishonor . . . the drawer . . . shall also be liable for . . . cost of collection not to exceed twenty dollars . . ."

[2]RCW 4.84.250:

"Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20-.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is one thousand dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees."

RCW 4.84.270:

"The defendant, or party resisting relief, shall be deemed the prevailing party within the meaning of RCW 4.84.250, if the plaintiff, or party seeking relief, recovers nothing, or if the recovery, exclusive of costs, is the same as or less than the amount offered in settlement by the defendant, or the party resisting relief, as set forth in RCW 4.84.280."

RCW 4.84.280:

"Offers of settlement shall be served on the adverse party in the manner prescribed by applicable court rules. Offers of settlement shall not be filed or communicated to the trier of the fact until after judgment, at which time a copy of said offer of settlement shall be filed for the purposes of determining attorneys' fees as set forth in RCW 4.84.250."

based upon RCW 4.84.310, which provides that the preceding sections, relied on by appellant, "shall not apply to actions on assigned claims."

After briefs were filed, it did not appear this court had jurisdiction over the matter by virtue of a 1979 amendment to RCW 2.06.030 which provides in part that:

The appellate jurisdiction of the court of appeals does not extend to civil actions at law for the recovery of money or personal property *when the original amount in controversy,* or the value of the property *does not exceed the sum of two hundred dollars.*

(Italics ours.) This court stayed proceedings to permit Mons to seek a transfer of the case to the Supreme Court. His motion was denied May 29, 1980.

Since the original amount in controversy is $20, pursuant to RCW 2.06.030 we dismiss this appeal.

MCINTURFF, A.C.J., and ROE, J., concur.